IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Reliance Insurance Co. | * | |
|     Plaintiff | * | |
| v. | * | Case No. 1:97-CV-03194-MJG |
| William Ray Miller, II | * | |
|     Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

        \*

**MEMORANDUM OF POINTS AND AUTHORITIES
<u>IN SUPPORT OF MOTION TO QUASH</u>**

    Come now the Defendant, William Ray Miller, II ("Miller"), and the Movant, Bonnie Lyn Pauza ("Pauza"), by and through their attorneys James R. Schraf and Logan Russack, LLC, and file this memorandum of points and authorities in support of their motion to quash the subpoenas issued to Indy Mac Mortgage Holdings, Inc. and Patuxent Funding, LLC.

    Reliance Insurance Company, by way of two (2) subpoenas, seeks production of confidential information of the Defendant Miller and the Movant, Pauza. Those subpoenas are attached herewith as Exhibits 1 and 2 respectively. Reliance has previously been issued a judgment against the Defendant Miller and other co-defendants, but not Pauza. Subsequent to that judgment the Defendant was married to the Movant, Pauza.

    Federal Rule 45 (c)(3)(A)(iii) permits the Court to quash a subpoena that requires the disclosure of privileged or other protected information. The subpoena issued to both Indy Mac and Patuxent seeks production of loan applications, credit reports, proof of income, tax returns,

financial statements, payment records, closing documents, settlement statements, and employment verifications. These subpoenas seek both the individual and joint assets of Bonnie Lyn Pauza, a person who is not even a party to this litigation.

Other federal courts have quashed subpoenas to family members of litigants seeking financial information. In *United States v. Gammo*, 428 F. Supp. 2d 705 (E.D. Mich. 2006), the court refused to compel the production of financial information of the family members of a criminal defendant subject to a restitution order. The court noted that when confidential documents such as tax returns are sought, a subpoena issued to a third party is given careful scrutiny. 428 F. Supp.2d 705, 708. Similarly, the United States District Court for the Western District of New York recognized a third party's right to seek to quash a subpoena requesting production of financial information. *Syposs v. United States*, 181 F.R.D. 224 (W.D.N.Y. 1998).

In this case production of the Movant's individual or joint financial information has no relevance to this case, even at this stage. Simply put, no asset of the Movant Pauza can be used to satisfy the judgment of Reliance. Therefore, it is appropriate to quash both subpoenas for that reason.

In addition to quashing the subpoena on the grounds that Miller's current joint financial information is not relevant to the inquiry, it should also be quashed because of his valid privilege under the 5th Amendment of the United States Constitution.

On or about January 13, 2004, and January 14, 2004, Officers of the Maryland State Police submitted an affidavit and obtained authorization to search the residence of William Ray Miller in Severna Park, Maryland and an office in Annapolis, Maryland. Seized from the premises were Mr. Miller's property and records including but not limited to personal computers, documents, servers, hard drives, laptop computers, business records, e-mails, personal digital

assistants (PDA's), contacts and account information. The seized items related to Mr. Miller personally and his insurance business. The search warrant was based on assertions that "there is probable cause to believe that currently on the premises described herein there is evidence of crimes of insurance fraud, theft, forgery and misappropriation by a fiduciary under Maryland law..." The seizures were undertaken in coordination with the Insurance Fraud Division of the Maryland Insurance Administration ("MIA") which received a complaint in September 2003. Both the Insurance Fraud Division of the MIA and the Enforcement and Compliance Unit of the MIA began an investigation in September 2003 of Mr. Miller "as well as the alleged illegal activities of Mr. Miller" which is continuing.

In January 2004, the Maryland Insurance Commissioner issued Consolidated Orders against Mr. Miller and others alleging specific violations of the Maryland law and regulation of §23-2001 et . seq., §27-202, §27-212, §27-216, §27-219, 27-403 and §27-406 of the Insurance Article and COMAR 31.03.03.01. As a result, his insurance producer license has been revoked. Among the allegations against Mr. Miller included in the Consolidated Orders are alleged schemes perpetuated through J. L. Hickman, Inc.

Between June 2004 and December 2004, State Grand Jury Subpoenas were issued to Mr. Miller personally and to several financial institutions and one information technology vendor for documents and records relating to Mr. Miler's personal financial information and his business financial documents and records. The subpoenas were issued at the request of an Assistant Attorney General assigned to the Insurance Fraud Division of the Maryland Insurance Administration. No records or documents which were subpoenaed between June 2004 and December 2004 have been returned or provided to Mr. Miller. As yet, no definitive action has

been taken by any State law enforcement agency. The matter, however, remains under active investigation by the Insurance Fraud Division of the MIA and the Office of the Attorney General.

Hearings on the Consolidated Orders commenced on May 16, 2005.

A subpoena for Mr. Miller as a witness for the proceeding was issued by the MIA on September 30, 2004. On May 17, 2005 Mr. Miller was called to the witness stand in response to a subpoena issued by counsel for the MIA. After providing his name Mr. Miller asserted his privilege against self-incrimination. The Hearing Officer then advised Mr. Miller that any failure to "appear and testify" could "lead to subsequent action" including fine and imprisonment or both under Section 2-203(f) of the Insurance Article of the Maryland Code. Counsel for Mr. Miller argued that Mr. Miller was entitled to the protections of the Fifth Amendment and Article 22 of the Maryland Declaration of Rights. The Hearing Officer reminded Mr. Miller of the possible negative inferences arising from his lack of any testimony and again raised the possibility of sanctions for not testifying. On May 17, 2005, counsel for Mr. Miller was provided with a letter from the Insurance Fraud Division of the Attorney General's Office that the Attorney General declined to grant Mr. Miller immunity from prosecution.

After hearing argument from counsel for the MIA and counsel for Miller at a continuation of the May 2005 hearing held on April 24, 2006, the hearing officer determined that Mr. Miller retains a valid Fifth Amendment right. A copy of the relevant portion of the transcript of that hearing is attached herewith as Exhibit 3.

The criminal investigation is still ongoing. Defendant Miller is entitled to protect himself from future criminal prosecution by the protection of information of the type sought in the

subpoenas. The Fifth Amendment privilege may be asserted by a party in a civil case. *Kastigar v. United States*, 406 U.S. 441 (1972). The right may be asserted in discovery proceedings. *North River Ins. Co., Inc. v. Stefanou*, 831 F.2d 484 (4th Cir. 1987). Production of the requested information could be used against the Defendant Miller in the criminal proceeding. Its production is protected by the Fifth Amendment. *Pillsbury Company v. Conboy*, 459 U.S. 248 (1983); *Hoffman v. United States*, 341 U.S. 479 (1951).

Based on the foregoing discussion this Court should quash the subpoenas issued.

> _____
> James R. Schraf 03470
> Logan Russack, LLC
> 2530 Riva Road, Suite 308
> Annapolis, Maryland 21401
> (410) 571-2780
> Attorneys for William Ray Miller, II
>  and Bonnie Lyn Pauza

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum of Points and Authorities in Support of Motion to Quash Subpoena was mailed by first class mail, postage prepaid this 17th day of January, 2007 to:

> John F. Dougherty, Esquire
> Kramon & Graham, P.A.
> One South Street
> Suite 2600
> Baltimore, Maryland 21202-1269
> Attorney for Plaintiff, Reliance Insurance Co.

Indy Mac Mortgage Holdings, Inc.
c/o Prentice Hall Corporation System, Resident Agent
11 East Chase Street
Baltimore, Maryland 21202
and
35 North Lake Avenue
Pasadena, California 91101


Indy Mac Bank, F.S.B.
3465 East Foothill Boulevard
Pasadena, California 91107
Patuxent Funding, LLC
c/o Cary Reines, Resident Agent
11032 Earlsgate Lane
Rockville, Maryland 20852
and
800 King Farm Boulevard
Rockville, Maryland 20850
and
6011 University Boulevard
Ellicott City, Maryland 21043


_____
James R. Schraf 03470