1  your next witness please.

2      MR. DELFOSSE: I call Mr. William Miller to the
3  stand please.
4  Whereupon,

5                      WILLIAM MILLER

6  was called as a witness, having been first duly sworn,
7  was examined and testified as follows:

8                    DIRECT EXAMINATION

9      BY MR. DELFOSSE:

10     Q   Mr. Miller, isn't it true that in June of 2003
11 and continuing through December of 2003, you represented
12 to Liberty Services Corporation that you had procured
13 insurance for LSC from various insurers?

14     A   On the advice of counsel I decline to answer
15 and invoke protection against self incrimination --

16     MR. DELFOSSE: Your Honor, at this time we
17 would ask that based on Mr. Miller's statement and the
18 submission of his previous affidavit and subject to the
19 motions that have been submitted, we ask that the MIA --
20 that an instruction be given to the witness to answer the
21 question.

```
 1              MR. SIMMS:  Your Honor, may we be heard?
 2              ASSOCIATE COMMISSIONER JOHNSON:  You certainly
 3   may.
 4              MR. SIMMS:  Thank you, Your Honor.  Your Honor,
 5   I thank you for the opportunity.  This brings forward, I
 6   guess the intersection between the respondent's due
 7   process rights and his rights under the Fifth Amendment.
 8   We submitted a hearing -- won't cover the entire ground
 9   but let me just be clear.  I think we've arrived at a
10   point in which the administrative process, where the
11   respondent has challenged the jurisdiction of the court
12   by virtue of that affidavit.
13              It is certainly the hearing officer's,
14   certainly discretion to make a decision with respect to
15   the jurisdictional issues; however, I would point out at
16   this time that if there was a ruling one way, this issue
17   with respect to the Fifth Amendment obviously would be
18   moot.  I point that out because later in my argument, as
19   I will indicate, the affidavit and the motion were
20   offered in tandem for that limited purpose of effectuate
21   his constitutional right.
```

1       And so therefore it is unlike any of the
2  situations that are discussed in any of the cases, in any
3  of the matters suggested by counsel for the MIA in which
4  the Fifth Amendment privilege has been waived.  The
5  similar case on that issue is Rogers v. United States as
6  has been indicated, and in that case a witness actually
7  testified before a grand jury and was sworn and in that
8  case the issue became this witness who was the treasurer
9  of the Communist party was asked whether or not she
10 submitted documents to another person.  She had
11 previously, earlier in her testimony, admitted possession
12 of those documents.
13      The Supreme Court, as you know, upheld the
14 contempt based on the fact that since she had already
15 indicated certain incriminating facts or certain facts,
16 she could not deny or could not stop her testimony and
17 would have to divulge the remainder of her remarks and
18 respond to the question.  But the case in and of itself
19 is not really a waiver case because on page 374, it
20 indicates the court must address the question of whether
21 in view of the testimony already given, disclosure of the

1  details demanded presents a reasonable danger of further
2  incrimination in light of all of the circumstances.
3      In other words, regardless of the prior
4  testimony, there is still a significant application of
5  the test, looking for reasonable danger based on whether
6  or not incriminating facts have been presented and
7  looking at it under the specific circumstances of where
8  the witness is.  This witness is not an accused in a
9  criminal case.  This witness is not testifying in any
10 grand jury.  In fact, the witness showed up by virtue of
11 a motion for purpose of an affidavit to assert his
12 constitutional rights to through the due process
13 scenario.
14      In that perspective, it's unlike all of the
15 other scenarios in cases relied upon by the respondent.
16 So again, the witness is not an accused.  There is no
17 indictment pending.  He should be not treated as a
18 defendant as the hearing member at least tries to
19 analogize him to a defendant and analogize in
20 consolidated orders in terms of a charging or an
21 indictment if you will.  It is not an indictment.  He is

1  a witness in a witness context for purposes of these
2  proceedings.
3       And in all the cases in this state, including
4  Choy (phonetic), there has to be a very, very careful
5  look at an individual's Fifth Amendment rights before it
6  is just liberally taken away.  I stress again the limited
7  purpose for which the affidavit was presented.  And in
8  this context, given the testimony, the testimony not be
9  incriminating on the specs, given the fact that it was
10 given for the sole limited purpose of challenging
11 jurisdiction, the affidavit should not automatically be
12 converted into any kind of a waiver for purposes of these
13 proceedings.  And so for those reasons we suggest that
14 his Fifth Amendment as to both Liberty and as to Wilson
15 remains intact and should not be stripped away.
16      ASSOCIATE COMMISSIONER JOHNSON:  Mr. Delfosse.
17      MR. DELFOSSE:  The affidavit is not being
18 converted into anything.  It was offered as testimony by
19 this witness on a substantive issue as to what his
20 version of the facts concerning the jurisdiction of this
21 hearing -- of the Administration to sanction him in this

1  matter. By making this presentation, making
2  representations in that affidavit, he has put himself
3  forth as -- for his version of the truth.
4        ASSOCIATE COMMISSIONER JOHNSON: How,
5  Mr. Delfosse, would he ever challenge the jurisdiction if
6  he couldn't put forth an affidavit that would still
7  protect his Fifth Amendment? How would he do that?
8        MR. DELFOSSE: By relying, by relying on the
9  statements that are made by others, by any factual
10 evidence that he wishes, other than making his own
11 statements, and that's what he has done and that is what
12 is what causes him to lose his Fifth Amendment protection
13 in this case. He has put himself and his statements at
14 issue through the affidavit. It is similar to the
15 various statements throughout the cases that we cited for
16 Rogers and in NutriMax.
17       When the person puts themselves at issue, their
18 statement is at issue. What is a result of saying he can
19 do this and still retain a right to exercise self -- the
20 right to protection from self incrimination, the effect
21 is to, as the cases say, allow him to present only half

1   the truth, to convert the protection into a -- to
2   frustrate the Insurance Administration's ability to
3   exercise its jurisdiction in this matter.  What is it he
4   is asking us to do?  What he's asking us to do, by
5   allowing him to say he has a waive is to only present
6   those facts in the light that are available to him.
7         The evidence that the MIA has presented in this
8   case shows clearly that the statements he makes are
9   incriminating and should be subject to cross examination
10  if he wishes to present them forth as the truth.  That's
11  all the MIA is asking for in this matter, is to cross
12  examine and to find the truth after he has placed his
13  voracity at issue.  The cases that support this are the
14  Rogers case and the NutriMax case in which clearly the
15  affidavit is testimony and which the individual is
16  putting themselves at risk.  It is a wrong and that's why
17  the Guy case was sited.  This goes back to, to 1899.  You
18  don't get to present half the truth.
19        MR. SIMMS:  The Guy case, if I may, may, Your
20  Honor, the Guy case and those cases of Allen and so forth
21  really fall in our cases in which an actual accused

1  defendant was charged and an individual in fact
2  testified. The Guy case goes back to one of the counties
3  in terms of an individual selling intoxicated liquor
4  without a license and actually taking the witness stand
5  on direct, giving a statement of facts and his version of
6  the case and then being cross examined and trying to,
7  trying to circumscribe the cross examination.
8      This case is entirely different. It's also
9  entirely different for NutriMax where people offered a
10 gratuitous affidavit in motions to clarify certain,
11 certain issues. This was an assertion of an absolute
12 constitutional right in which he challenged jurisdiction.
13 For all, all intents and purposes, he could have floated
14 one document simply saying he's 21 years of age and
15 Mr. Delfosse would still be standing here making the
16 representations and arguments that he needs to be cross
17 examined on how old he is.
18     The response in the affidavit is interpreted by
19 counsel to be a total defense to the case. Not true. It
20 is simply a challenge to the jurisdiction on element, and
21 had we had a proceeding pre-trial with respect to this

1  issue, he could have presented conflicting evidence just
2  as he's presented whatever conflicting evidence now. So
3  he has the clear opportunity to present and challenge the
4  evidence on another basis relating to what he reports is
5  in the affidavit.
6      And then finally, in addition to all the other
7  tools that Mr. Delfosse has, he has, based on his refusal
8  to testify, an inference that he will undoubtedly argue,
9  unless he decides to waive that himself, he will argue to
10 Your Honor in terms of the defendant's -- my client's
11 refusal to testify.
12     ASSOCIATE COMMISSIONER JOHNSON: You took away
13 my question, Mr. Simms. So would you agree with me that
14 if I uphold the exercise of the Fifth Amendment privilege
15 that I can, I can properly make an inference based on his
16 exercise of that?
17     MR. SIMMS: We already are aware, and Your
18 Honor just took this morning Joint Exhibit 33, which is a
19 list of questions for the three other companies. We are
20 well aware that under the law and you've advised us that
21 you have that permissible inference and if in fact you so

1  rule, you will have that inference as well with respect
2  to Liberty and Wilson. We understand that.
3          ASSOCIATE COMMISSIONER JOHNSON: I have to tell
4  you, Mr. Delfosse, that I -- counsel and I have discussed
5  this. We've read the cases and I do believe that
6  Mr. Simms has the better argument in this case. I do
7  believe that Mr. Miller is somewhat hamstrung if he
8  cannot submit an affidavit as to jurisdiction, not the
9  underlying merits but the jurisdiction. And the court
10 cases are fairly clear that I should -- you know, I have
11 to -- there has to be a clear waiver because -- before I
12 can determine that there is a waiver, and quite frankly I
13 don't think an affidavit challenging jurisdiction raises
14 to that level. So for that reason I'm going to allow
15 Mr. Miller to exercise his Fifth Amendment right. I do
16 not believe he has waived it.
17         MR. DELFOSSE: Your Honor, if we then could
18 take a brief recess, I believe that we might be able to
19 resolve this in a --
20         MR. SIMMS: Can the witness stay now?
21         ASSOCIATE COMMISSIONER JOHNSON: Absolutely.

1            MR. SIMMS:  Thank you.

2            ASSOCIATE COMMISSIONER JOHNSON:  Brief recess.

3            (Whereupon, a brief recess was taken.)

4            ASSOCIATE COMMISSIONER JOHNSON:  Are we back on

5    the record?

6            COURT REPORTER:  Yes.

7            MR. SIMMS:  Counsel, which document and which

8    number will this be?

9            MR. DELFOSSE:  This would be Hearing Officer --

10   or this --

11           ASSOCIATE COMMISSIONER JOHNSON:  Yes, Hearing

12   Officer.

13           MR. DELFOSSE:  Hearing Officer 35.

14           MR. SIMMS:  Your Honor, we will join the

15   stipulation.  We just want to clarify that be entering

16   into the stipulation on the questions that the MIA is

17   proposing that they would ask William Ray Miller to

18   respond in this matter, we would not waive the motion

19   that we -- on jurisdiction.

20           ASSOCIATE COMMISSIONER JOHNSON:  On

21   jurisdiction, I understand that.

```
 1          MR. SIMMS:  And that motion would in fact still
 2  remain for whatever -- the hearing officer is going to
 3  give.
 4          ASSOCIATE COMMISSIONER JOHNSON:  I understand.
 5          MR. DELFOSSE:  And Your Honor, and in -- and
 6  for the record, we would ask that the -- if Mr. Miller is
 7  allowed to take the Fourth and Fifth Amendment in this
 8  matter and exercise his privilege that the, the affidavit
 9  be struck, or in the alternative not be considered for
10  anything more than mere subject matter -- jurisdiction --
11          ASSOCIATE COMMISSIONER JOHNSON:  It will be
12  considered solely for the jurisdictional issue.
13          MR. DELFOSSE:  At this time, Your Honor, I
14  would ask that -- I would call to the stand Mr. Todd
15  Cioni.
16          ASSOCIATE COMMISSIONER JOHNSON:  Mr. Cioni,
17  please take the stand.
18          MR. CIONI:  Your Honor -- take this with me.
19          ASSOCIATE COMMISSIONER JOHNSON:  Yes.
20          MR. CIONI:  Thank you.
21          ASSOCIATE COMMISSIONER JOHNSON:  You're
```

1  welcome.

2  Whereupon,

3                       TODD CIONI

4  was called as a witness, having been first duly sworn,

5  was examined and testified as follows:

6                    DIRECT EXAMINATION

7          BY MR. DELFOSSE:

8      Q    Good afternoon, Mr. Cioni.

9      A    Good afternoon.

10     Q    And although you have already done so

11 previously, could you just, for the record today -- it's

12 been quite some time -- state your name, occupation and

13 business address?

14     A    Absolutely.  My name is P. Todd Cioni,

15 C-i-o-n-I, the Associate Commissioner for the Compliance

16 and Enforcement Section of the Maryland Insurance

17 Administration, 525 St. Paul Place, Baltimore, Maryland.

18     Q    And as the Associate Commissioner for the

19 Compliance and Enforcement Section, what are your duties

20 and what is -- what are your duties?

21     A    I oversee the market conduct and the agent