### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | |
|---|---|
| **RELIANCE INSURANCE COMPANY** **(In Liquidation) f/k/a RELIANCE** **INSURANCE COMPANY** Judgment Creditor | |
| v. | **Case No.: 1:97-CV-03194-MJG** |
| **WILLIAM RAY MILLER, II** Judgment Debtor | |

## JUDGMENT CREDITOR RELIANCE'S OPPOSITION TO JUDGMENT DEBTOR MILLER'S MOTION TO QUASH SUBPOENA

Judgment Creditor, Reliance Insurance Company (In Liquidation) f/k/a Reliance Insurance Company ("Reliance"), by its undersigned attorneys, files this opposition to the Motion to Quash Subpoena filed by judgment debtor William Ray Miller, II ("Mr. Miller"), and states as follows.

## I.    Introduction

On July 13, 2000, this Court entered judgment against Mr. Miller and in favor of Reliance with respect to Reliance's claims for constructive fraud, in the amount of $472,500, plus pre-judgment and post-judgment interest. Thereupon, Mr. Miller became a judgment debtor of Reliance. Mr. Miller has made no payments in satisfaction of that judgment. Additionally, Mr. Miller has evaded Reliance's efforts to enforce the judgment, by filing multiple bankruptcy petitions and appeals, concealing his assets and income, and improperly resisting post-judgment discovery. The United States Bankruptcy

Court for the District of Maryland and this Court have ruled that Reliance's judgment against Mr. Miller is not dischargeable in bankruptcy. The United States Court of Appeals for the Fourth Circuit has affirmed the non-dischargeability of Reliance's judgment against Mr. Miller. 144 Fed.Appx. 966, 2005 WL.

On or about April 12, 2006, Mr. Miller and his wife purchased land and improvements known as 6917 Timber Creek Court, Clarksville, Maryland (the "House"). In January 2007, Reliance served subpoenas on two financial entities involved in financing the purchase of the House. Mr. Miller has moved to quash those subpoenas. For the reasons set forth herein, the motion to quash should be denied.

## II.    A Judgment Against a Husband Can Be Enforced Against Property Titled to a Husband and Wife as Tenants by the Entireties

Mr. Miller argues – incorrectly – that information regarding the funds used to purchase the House is not discoverable, because the House is owned by his wife and him as tenants by the entireties. That argument has no merit. Under established Maryland law, even when property is titled tenants by the entireties, mortgage payments made by a husband are fraudulent conveyances and interspousal transfers prejudicial to creditors, to the extent that they add to the equity in the property. *Pearce v. Micka*, 62 Md.App. 265, 276, 489 A.2d 48, 53 (1985). If Mr. Miller paid all or part of the down payment for the House, or has contributed all or part of the monthly mortgage payments for the House, then those payments decrease his assets and increase his and his wife's equity in the

House, to the prejudice of Reliance. Reliance is, at a minimum, entitled to take discovery

to determine whether such payments have occurred.

### III. Financial Information in the Possession of a Financial Entity Is Not Privileged and Is Discoverable When Relevant

Mr. Miller argues – incorrectly – that the requested information is privileged

because it consists of financial information. Federal Rule of Civil Procedure 69(a)

expressly allows discovery in aid of enforcing a judgment, which would be eviscerated by

a rule shielding financial entities from such discovery. This Court, following the

decisions of the United States Supreme Court, has clearly and repeatedly held that a

person's financial information in the possession of a bank is discoverable:

> It is clear that plaintiff does not have a right to privacy in the
> summoned bank records. *U.S. v. Miller*, 425 U.S. 435, 442,
> 96 S.Ct. 1619, 1623, 48 L.Ed.2d 71 (1975), settled that issue.
> A taxpayer has no Fourth Amendment expectation of privacy
> in the records of an account kept by a bank. *Miller* at 442, 96
> S.Ct. at 1623. Bank records are not confidential
> communications, but instruments of commercial transactions.
> The bank customer has no inherent right to assert control over
> the release of a bank's records of his transactions. *Clayton
> Brokerage Co. v. Clement*, 87 F.R.D. 569, 571 (D.Md.1980).
> This is not a case where a summons has been issued to a
> taxpayer seeking access to his own books or testimony, nor is
> it a summons of information privileged by some confidential
> information. The summons sought were directed to the bank,
> and had to do with records in which the taxpayer has no
> proprietary interest.

*Provenza v. Rinaudo*, 586 F.Supp. 1113, 1116 (D.Md. 1984). *See also, Clayton

Brokerage Co., Inc. of St. Louis v. Clement*, 87 F.R.D. 569, 571 (D.Md. 1980) ("the

04442/0/00246308.DOCv1

documents sought here are the business records of the bank, and the issuance of a subpoena requiring the bank to produce its records is not violative of any cognizable privacy right of the defendant").

## IV.    Information Possessed by Another Person Is Not Protected by the Fifth Amendment

Mr. Miller also argues that the requested information is privileged from discovery under the Fifth Amendment, because information regarding his assets and income might tend to incriminate him. That argument is utter nonsense.

The privilege afforded by the Fifth Amendment does not apply to information "produced from other sources." *Brink v. DaLesio*, 82 F.R.D. 664, 671 (D.Md. 1979). If Mr. Miller gave incriminating information to the financial entities to whom the subpoenas are directed, then he has already let the cat out of the bag, and the Fifth Amendment does not allow him to put it back in. If Mr. Miller is gainfully employed, for example, Reliance is entitled to discover the identity of his employer so it can garnish his income, and home purchase records typically identify the buyer's employer.

Even if the information were in Mr. Miller's possession, it is not the sort of information that is deemed incriminating and protected by the Fifth Amendment. Unless Mr. Miller's employment consists of criminal activity, the identity of his current employer has no Fifth Amendment implications whatsoever. The implication of Mr. Miller's Fifth Amendment argument is that Mr. Miller's current assets and income are derived from an

ongoing criminal activity. Even in that case, however, the Fifth Amendment would not prevent Reliance from seeking discovery from financial entities and other third parties. Indeed, information would be discoverable even from Mr. Miller's attorneys, because there would be no attorney-client privilege, under Maryland Rule of Professional Conduct 1.6(b)(2), (3) (attorney client privilege does not apply when client is "committing a crime or fraud . . .")

Reliance is seeking discovery regarding Mr. Miller's current assets and income. Unless Mr. Miller is admitting that those are derived from criminal activity, the Fifth Amendment is not applicable.

## V.     <u>Conclusion</u>

For all of the foregoing reasons, the motion to quash should be denied, and post-judgment discovery regarding Mr. Miller's assets and income should be allowed.

_____/S/_____   _____
Philip M. Andrews (Bar No. 00078)
John F. Dougherty (Bar No. 25369)
Kramon & Graham, P.A.
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
Telephone:  410-752-6030
Facsimile:  410-539-1269
*Attorneys for Judgment Creditor*
*Reliance Insurance Company (In Liquidation)*
*f/k/a Reliance Insurance Company*

04442/0/00246308.DOCv1