LAW OFFICES
# KRAMON & GRAHAM, P. A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201
TELEPHONE: (410) 752-6030
FACSIMILE: (410) 539-1269

PHILIP M. ANDREWS
DIRECT DIAL
(410) 347-7427
―――
ALSO ADMITTED IN DC

www.kramonandgraham.com

May 11, 2007

E-MAIL
pandrews@kg-law.com
DIRECT FACSIMILE
(410) 361-8201

***By Electronic Filing and Hand Delivery***
The Honorable Paul W. Grimm
Chief Magistrate Judge
United State District Court
  for the District of Maryland
101 West Lombard Street
Baltimore, Maryland  21201

    Re:    Reliance Insurance Co. v. John L. Hickman, *et al.*
           Civil Action No.: MJG-97-3194

Dear Judge Grimm:

      I represent Reliance Insurance Company, the judgment creditor in the above-mentioned matter. I write in response to Your Honor's March 7, 2007 letter-order scheduling a settlement conference for Friday, July 13, 2007 at 10:00 a.m. If Your Honor concludes that a settlement conference is appropriate in this closed case – where judgment was entered against the defendants seven years ago to the day when the settlement conference is presently set – then I must ask that the conference be rescheduled to a later date.

      This request may seem belated, but I only learned for the first time of your March 7 correspondence when I received, last week, judgment-debtor Miller's Motion to Stay Execution on Judgment. For reasons unknown, the ECF system failed to deliver a copy of your letter-order to my email box; perhaps it has something to do with the fact that this case was closed on July 13, 2000, after judgment was entered that date against Miller, *et al. See* enclosed Notice of Electronic Filing, dated May 3, 2007 (reflecting the Clerk's Office testing, at my request, the notification system after I learned of the March 7 letter-order). In reviewing my office's systems, I have determined that my secretary did receive a copy of your letter-order via the ECF system on March 7, but she simply assumed that I had received it as well, and, unfortunately, did not bring it to my attention.

97414/0/00279470.WPDv1

The Honorable Paul W. Grimm
May 11, 2007
Page 2

In any event, I would be remiss if I did not state here that Reliance and its counsel are not at all sure why Miller believes this conference will be productive. Judge Garbis granted Miller's request for a settlement conference before Reliance had an opportunity to object to the request. If Reliance had been allowed an opportunity to respond at that juncture, it would have pointed out that:

- Reliance has had a final judgment since July 13, 2000;

- the bankruptcy court determined that judgment to be non-dischargeable;

- the Fourth Circuit has affirmed the judgment, both as to its substance and its non-dischargeability; and

- ever since the judgment was entered against him, Miller has sought to avoid execution thereon, by filing bankruptcy, by concealing his assets and income, and by evading and obstructing Reliance's efforts at post-judgment discovery and enforcement.

Reliance is concerned that this requested conference, coupled with Miller's pending Motions to Stay Execution on Judgment, and to Quash Subpoena, is simply another stalling tactic, which will not be a productive use of either the Court's or Reliance's time. At this point, the six enumerated settlement factors set out in your March 7 letter-order have become irrelevant. Accordingly, Reliance hopes that the Court, upon further consideration, will decide that its efficiency and civil trial docket would be better served by canceling the settlement conference entirely.

That having been said, if the Court desires the parties appear for a settlement conference, then Reliance hereby requests that the July 13, 2007 conference be postponed. Reliance's representative, Claire Rocco, Esquire, is not available on July 13, 2007, because of her previously scheduled and paid-for vacation that week. As Your Honor may be aware, Reliance is in liquidation. Ms. Rocco is the person at Reliance with both knowledge and authority regarding this matter. Simply put, if the settlement conference must go forward, it would not make sense to proceed without her. I would be

The Honorable Paul W. Grimm
May 11, 2007
Page 3


happy to coordinate with your chambers and Miller's counsel to find a new, mutually convenient date.

    Thank you for your consideration and for your attention to this matter.

                        Respectfully,

                        Philip M. Andrews

PMA/dn
Enclosure
cc:    James R. Schraf, Esquire (w/encl., by facsimile (410.571.2798) and
        ECF notification)